UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARIA R. LOHNES a/s/o CHRISTOPHER
TERRANCE,

                           **Plaintiff,**

   v.                                                                                8:19-cv-00068

**LIBERTY MUTUAL INSURANCE COMPANY,**

                           **Defendant.**
_____

**THOMAS J. McAVOY,**
Senior United States District Judge

# DECISION & ORDER

## I. INTRODUCTION

Plaintiff Maria R. Lohnes ("Plaintiff") commenced this action as subrogee of Christopher Terrance against Liberty Mutual Insurance Company ("Liberty"). The Complaint is for injuries Plaintiff suffered when she was struck by Mr. Terrance's vehicle. Liberty moves to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) because, it contends, Plaintiff lacks standing to maintain a subrogation action against Liberty because she made no payment to Mr. Terrance or anyone else for which she seeks to be subrogated. *See* Doc. No. 6. Liberty also maintains that Plaintiff fails to state actionable claims under New York Insurance Law § 3420 (which would allow her to bring a direct action against Liberty), and for bad faith denial of a defense and indemnification to Mr. Terrence. *See id.*

1

Plaintiff responds by pointing out that although she alleges that "an Arbitration Agreement was entered into authorizing plaintiff . . . to pursue, as subrogee of Christopher Terrace, an action against Liberty . . . for its breach of duty to defend and indemnify Christopher Terrance," Compl. ¶ 16, the Complaint and its attachments make clear that she was assigned Mr. Terrence's rights against Liberty. *See* Doc. No. 8. Therefore, she maintains, she has standing to bring this action as an assignee. *See id.* Plaintiff also argues that as Mr. Terrance's assignee she is able to bring a direct action against Liberty for breach of contract, and has stated a valid bad faith claim. *See id.* In addition, Plaintiff cross-moves to file an amended complaint asserting that she proceeds pursuant to the assignment of rights she obtained in arbitration. *See id.* Other than Plaintiff's contention that she proceeds as an assignee as opposed to a subrogee, the allegations in the proposed amended complaint are identical to those in the Complaint. *Compare* Compl. Doc. No. 2, *with* Prop. Am. Compl., Doc. No. 8-9.

Liberty agrees that Plaintiff can pursue a claim directly against Liberty as assignee of Mr. Terrence's rights. Doc. No. 13. Accordingly, Liberty has no objection to Plaintiff's cross-motion seeking leave to file an amended complaint for the purpose of curing the standing and New York Insurance Law § 3420 challenges. *Id*. Liberty does maintain, however, that the proposed amended complaint fails to cure the legal defect in Plaintiff's bad faith claim. *See id.* Therefore, Liberty argues, Plaintiff's bad faith claim should be dismissed whether asserted in the Complaint or the proposed amended complaint. *See id.*

## II. DISCUSSION

### a. Cross-Motion to Amend

Because leave to amend is freely granted when justice so requires, Fed. R. Civ. P. 15(a)(2), the Court grants the cross-motion which cures the standing and New York Insurance Law § 3420 challenges. The Court Clerk is respectfully directed to file the proposed amended complaint, Doc. No. 8-9, as the operative pleading, and to amend the caption on the docket to indicate that Plaintiff proceeds as an assignee of Christopher Terrance.

### b. Rule 12(b)(6) Motion

The Court proceeds to determine whether the Amended Complaint ("AC") states a plausible claim for bad faith.

#### 1. Standard of Review

In considering a Rule 12(b)(6) motion, the Court "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). The Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation marks omitted). A Rule 12(b)(6) motion to dismiss a complaint or a claim therein calls upon the Court to gauge the facial sufficiency of that pleading, utilizing as a backdrop a pleading standard which, though unexacting in its requirements, "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation" in order to withstand scrutiny. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555, 127 S. Ct. 1955, (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." *Id.* A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## 2. Background[1]

On or about August 11, 2013, Mr. Terrance was operating a 2006 Chevy Tahoe which struck Plaintiff causing her severe and serious personal injuries. AC ¶¶ 9 & 10. Prior to the accident, Mr. Terrance's mother, Louise Jacobs, purchased an insurance policy from Liberty bearing policy number A02-221108629-6703 (the "Policy"). *Id.,* ¶ 19. Liberty was timely notified of the accident but disclaimed coverage for Mr. Terrance. *Id.,* ¶¶ 12-13.

On August 29, 2014, Plaintiff filed a summons and complaint against Mr. Terrance in the New York State Supreme Court, St. Lawrence County, but Liberty refused to contribute or provide in any way to Mr. Terrence's defense. *Id.,* ¶¶ 14-15. On November 8, 2016, an Arbitration Agreement was entered into authorizing Plaintiff to pursue, as assignee Mr. Terrance, an action against Liberty for its breach of the duty to defend and indemnify Mr. Terrance in the state court action. *Id.,* ¶ 16. On November 14, 2016, an Arbitration was held in the state court action. *Id.,* ¶ 17. On November 15, 2016, the Hon. David Demarest issued an Arbitration Award in favor of Plaintiff and against Mr. Terrence in the amount of $336,500.34. *Id.,* ¶ 18. On June 12, 2017, the Hon. Mary M. Farley, J.S.C., issued an Order and Judgment in the total amount of $336,500.34 in favor of Plaintiff and against Mr. Terrence. *Id.,* ¶ 18.

Plaintiff, through her attorneys, made demands to Liberty at or below the Policy limits

---

[1]The following facts are taken from the Amended Complaint and deemed to be true for purposes of this motion.

to settle the case. *Id.,* ¶ 20. Liberty refused to indemnify Mr. Terrance, and made no effort to offer any settlement on the case. *Id.,* ¶ 21.

### 3. Legal Allegations

The AC alleges that Liberty's refusal to defend and indemnify Mr. Terrance exposed him to personal liability totaling $311,500.34. As a result, Mr. Terrance assigned his right to bring a cause of action against Liberty for that exposure. The AC further alleges that Liberty's refusal to defend or indemnify Mr. Terrance was an unlawful attempt to force Plaintiff to accept less money than the amount due under the Policy. *Id*., ¶¶ 23, 24 & 25.

The AC alleges that Liberty owed Mr. Terrance the following duties:

(a) A duty to honor the insurance contract for the entire policy duration;

(b) A duty to conduct a prompt, reasonable and diligent investigation of the facts of the case to determine the validity of the claims made by Plaintiff;

(c) A duty to evaluate Plaintiff's claims fairly;

(d) A duty to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim where liability is clear;

(e) A duty to act promptly and reasonably in settling the claim;

(f) A duty not to reject a reasonable and fair offer of settlement;

(g) A duty not to put its insureds through unnecessary litigation;

(h) A duty not to put its insureds' assets at risk;

(i) [A duty][2] to tender the policy limits for the underlying claim;

---

[2]The AC at ¶26(i) states: "failing to tender the policy limits for the underlying claim". Given the context of this statement, the Court presumes Plaintiff intended to allege that Liberty owed Mr. Terrence a duty to tender the policy limits for the underlying claim.

5

>   (j) A duty to refrain from actions that would injure the plaintiff's ability to obtain the benefits of the insurance contract; and
>
>   (k) A duty of good faith and fair dealing.

*Id.*, ¶ 26

The AC alleges that "[a]s a direct and approximate result of Liberty Mutual's breach of its duties that it owed to its insureds, Christopher Terrance was deprived of the benefits to which he was entitled, was forced to incur expenses to obtain the benefits to which he was entitled, and Christopher Terrance was otherwise exposed to personal damages to which Liberty Mutual was contractually obligated to pay." *Id.*, ¶27. The AC further alleges that "Defendant's actions herein further constitute bad faith insurance practices." *Id.*, ¶ 28. The AC asks that the Court enter a declaratory judgment that Liberty must pay the Policy limits to Plaintiff. *Id.*, paragraph 29.

### 4. Analysis

Liberty argues that Plaintiff makes a blanket allegation of bad faith against it, stating that Liberty breached its duties to Mr. Terrance in denying a defense and indemnification in the underlying action. But, Liberty contends, the AC does not specify any alleged acts evidencing bad faith, instead listing duties an insurer has to its insured and then simply stating that Liberty acted in bad faith. Liberty maintains that the actual basis for a bad faith claim is unclear as there is no bad faith cause of action delineated, and there are no facts alleged with regard to Liberty's actions or omissions, other than denying coverage to Mr. Terrance. Thus, Liberty maintains, any bad fath claim must be dismissed because New York law does not recognize a separate cause of action for bad faith breach of the implied

covenant of good faith when a breach of contract claim based on the same facts is also pled. Def. Mem. L. at 7.

Plaintiff responds by arguing that

> [she] has alleged, as assignee, a valid claim for breach of contract on behalf of Christopher Terrance. The Complaint identifies a valid insurance policy which existed at the time of this accident, and under which Christopher Terrance was insured. As such, Liberty Mutual had a duty to defend and indemnify Christopher Terrance for the happening of the accident complained of in the [Amended] Complaint. . . . Liberty Mutual breached its contract by failing to defend or indemnify Christopher Terrance. The aforementioned conduct and breach caused Christopher Terrance damage in the amount of the policy limits and exposed him to personal liability. Since Maria Lohnes, as assignee, stands in the shoes of Christopher Terrance in this case, she has pled a claim of breach of contract against Liberty Mutual Insurance Company.

Pl. Mem. L. , at 5.

As to bad faith, Plaintiff cites to *Roemer v. Allstate Indemnity Ins. Co.*, 163 A.D.3d 1324 (NY App. Div. 2018), for the proposition that a party may establish a prima facie case of bad faith if it establishes that the insurer's conduct constituted a gross disregard for an insured's interests. A valid claim in this regard can be made out, Plaintiff contends, by demonstrating that the insured deliberately or recklessly failed to place the insured's interests on equal footing with its own. Plaintiff argues that the AC alleges that Liberty refused to defend or identify Mr. Terrence, made no effort to settle the underlying case, and breached the duties that are set forth at paragraph 26 of the AC, thus amounting to "a gross disregard for the interests of Christopher Terrance" and stating a claim for bad faith. Pl. Mem. L., at 6-7.

For the reasons that follow, Liberty's motion to dismiss the bad faith claim is granted. "Under New York law, there is a covenant of good faith and fair dealing implied in all contracts." *Fleisher v. Phoenix Life Ins. Co.*, 858 F. Supp. 2d 290, 298 (S.D.N.Y. 2012).

7

"This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Id.* at 298-99 (quoting *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 80 (2d Cir. 2002)). "Generally, under New York law, parties to an express contract are bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract." *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08-Civ.- 9116 (PGG), 2009 WL 321222, at *5 (S.D.N.Y. Feb. 9, 2009) (internal quotation marks, citations, and brackets omitted). To successfully plead a breach of contract under a theory of breach of the implied covenant of good faith and fair dealing, a plaintiff must allege that defendant, in bad faith, engaged in behavior that effectually destroyed or injured the plaintiff's right to receive the fruits of the contract. *Burton v. Label, LLC*, 344 F. Supp. 3d 680, 696 (S.D.N.Y. 2018). "Further, plaintiffs are required to plead 'specific factual allegations of a party's bad faith,' as 'conclusory allegations of a party's failure to act in good faith are insufficient.'" *K&G Elec. Motor & Pump Corp. v. Ingersoll-Rand Co.*, No. 18-CV-2308 (DRH/SIL), 2019 WL 4089546, at *7 (E.D.N.Y. Aug. 27, 2019)(quoting *Ferguson v. Lion Holding, Inc.*, 478 F. Supp. 2d 455, 469 (S.D.N.Y. 2007)).

Because a breach of this duty is "merely a breach of the underlying contract," New York law "does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013). "A breaching party's 'bad faith in connection with a breach of contract ... does not provide an independent basis for recovery.'" *Acranom Masonry, Inc. v. Wenger Constr. Co.*, No. 14-CV-1839

(PKC/RML), 2019 WL 3798047, at *16 (E.D.N.Y. Aug. 13, 2019)(quoting *Symquest Grp., Inc. v. Canon U.S.A., Inc.*, 186 F. Supp. 3d 257, 266 (E.D.N.Y. 2016)(citations omitted)). Thus, "[a] claim premised on a breach of the implied covenant should be dismissed as duplicative if it is based upon the same facts underpinning an express breach of contract claim." *Core Sec. SDI Corp. v. Albany Med. Ctr.*, No. 1:18-CV-167 (GLS/CFH), 2019 WL 1228550, at *1 (N.D.N.Y. Mar. 15, 2019)(citing *Research Found. of State Univ. of N.Y. v. Nektar Therapeutics*, No. 1:9–cv–1292, 2013 WL 2145652, at *8 (N.D.N.Y. May 15, 2013)); *see Sanderson v. First Liberty Ins. Corp.*, No. 8:16-CV-644, 2017 WL 5176371, at *3 (N.D.N.Y. Nov. 7, 2017), *appeal dismissed*, No. 17-3892, 2018 WL 6428070 (2d Cir. Apr. 24, 2018)("[A] claim for breach of the implied covenant will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract.")(internal quotation marks and citation omitted).

Here, as Plaintiff represents in her memorandum of law, the facts underpinning the bad faith claim are the same as those underpinning her express breach of contract claim. Namely, that Liberty refused to defend and indemnify Mr. Terrance. While Plaintiff asserts that this refusal to comply with the terms of the Policy constituted breaches of Liberty's duties under the contract and amounted to "bad faith insurance practices," she has not plead specific conduct by Liberty that is different from that underpinning the breach of contract claim. Further, Plaintiff's assessment in her memorandum of law that this conduct was deliberate and reckless, and amounted to a gross disregard for the interests of Mr. Terrance, does not make out a claim different from the breach of contract claim. *See, e.g.,*

9

*New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 319–20 (NY 1995)("Plaintiff's claim amounts to nothing more than a claim based on the alleged breach of the implied covenant of good faith and fair dealing, and the use of familiar tort language in the pleading does not change the cause of action to a tort claim in the absence of an underlying tort duty sufficient to support a claim for punitive damages."). Accordingly, Liberty's motion is granted to the extent it seeks to dismiss the bad faith claim asserted in the Amended Complaint.

## V. CONCLUSION

For the reasons set forth above:

- Plaintiff's cross-motion for leave to file an amended complaint [Doc. No. 13] is **GRANTED**. The Court Clerk is respectfully directed to file the proposed amended complaint, Doc. No. 8-9, as the Amended Complaint and to amend the caption on the docket to indicate that Plaintiff proceeds as assignee of Christopher Terrance.

- Defendant's motion brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) (Doc. No. 6) is **GRANTED in part** and **DENIED in part**. The motion is granted to the extent it seeks to dismiss Plaintiff's bad faith claim, and this claim is **DISMISSED**. The motion is denied in all other respects.

**IT IS SO ORDERED.**

Dated: September 17, 2019

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge